IN THE SUPERIOR COURT OF WASHINGTON
IN AND FOR KING COUNTY

| | |
|---|---|
| MELANIE AND MATTHEW NELSON, | NO. |
| Plaintiffs, | SUMMONS |
| vs. | |
| DYNAMIC COLLECTORS, INC. and VIRGINIA MASON FRANCISCAN HEALTH, | |
| Defendants. | |

**TO THE DEFENDANT:** DYNAMIC COLLECTORS, INC.

A lawsuit has been started against you in the above-entitled court by the Plaintiff. This claim is stated in the written Complaint, a copy of which is served upon you with this Summons.

In order to defend against this lawsuit, you must respond to the Complaint by stating your defense in writing, and by serving a copy upon the person signing this Summons within twenty (20) days (in state) or sixty (60) days (out of state) after the service of this Summons, excluding the day of service, or a default judgment may be entered against you without notice. A default judgment is one where a plaintiff is entitled to what has been asked for because you have not responded. If you serve a notice of appearance on the undersigned person, you are entitled to a notice before a default judgment may be entered.

Summons - 1

Exhibit A
Page 1 of 34

**ANDERSON | SANTIAGO**
207B SUNSET BLVD N.
RENTON, WA 98057
(206) 395-2665/F (206) 395-2719

1    If you wish to seek the advice of an attorney on this matter, you should do so promptly so that

2    your written response, if any, may be served on time.

3    **THIS SUMMONS** is issued pursuant to Rule 4 of the Superior Court Civil Rules of the

4    State of Washington.

5    Respectfully submitted this 16th day of December, 2024.

6

7

8    **ANDERSON SANTIAGO, PLLC**

9    By: _____

10    Jason D. Anderson, WSBA No. 38014
     T. Tyler Santiago, WSBA No. 46004
     Attorneys for Plaintiffs

11    207B Sunset Blvd. N.
      Renton, WA 98057

12    (206) 395-2665
      (206) 395-2719 (fax)

13

14

15

16

17

18

19

20

21

22

23

Summons - 2

**ANDERSON | SANTIAGO**
207B Sunset Blvd N.
Renton, WA 98057
(206) 395-2665/F (206) 395-2719

1

2

3

4

5

6

7

IN THE SUPERIOR COURT OF WASHINGTON
IN AND FOR KING COUNTY

8

MELANIE AND MATTHEW NELSON,

9

Plaintiffs,

10

vs.

11

DYNAMIC COLLECTORS, INC. and
VIRGINIA MASON FRANCISCAN
HEALTH,

12

13

Defendants.

NO.

SUMMONS

14

15

**TO THE DEFENDANT:** VIRGINIA MASON FRANCISCAN HEALTH

16

A lawsuit has been started against you in the above-entitled court by the Plaintiff. This claim

17

is stated in the written Complaint, a copy of which is served upon you with this Summons.

18

In order to defend against this lawsuit, you must respond to the Complaint by stating your

19

defense in writing, and by serving a copy upon the person signing this Summons within twenty (20)

20

days (in state) or sixty (60) days (out of state) after the service of this Summons, excluding the day of

21

service, or a default judgment may be entered against you without notice. A default judgment is one

22

where a plaintiff is entitled to what has been asked for because you have not responded. If you serve

23

a notice of appearance on the undersigned person, you are entitled to a notice before a default

judgment may be entered.

Summons - 1

**ANDERSON | SANTIAGO**
207B SUNSET BLVD N.
RENTON, WA 98057
(206) 395-2665/F (206) 395-2719

1    If you wish to seek the advice of an attorney on this matter, you should do so promptly so that

2    your written response, if any, may be served on time.

3    **THIS SUMMONS** is issued pursuant to Rule 4 of the Superior Court Civil Rules of the

4    State of Washington.

5    Respectfully submitted this 16th day of December, 2024.

6

7

8    **ANDERSON SANTIAGO, PLLC**

9    By: _____
     Jason D. Anderson, WSBA No. 38014

10   T. Tyler Santiago, WSBA No. 46004
     Attorneys for Plaintiffs

11   207B Sunset Blvd. N.
     Renton, WA 98057

12   (206) 395-2665
     (206) 395-2719 (fax)

13

14

15

16

17

18

19

20

21

22

23

Summons - 2

**ANDERSON | SANTIAGO**
207B SUNSET BLVD N.
RENTON, WA 98057
(206) 395-2665/F (206) 395-2719

1

2

3

4

5

6

7

8

IN THE SUPERIOR COURT OF WASHINGTON
IN AND FOR KING COUNTY

9  MELANIE AND MATTHEW NELSON,

NO.

10              Plaintiffs,

**COMPLAINT FOR VIOLATIONS OF 15**
11  vs.                                             **U.S.C. § 1692 ET SEQ. AND RCW**
                                                    **CHAPTERS 19.16 AND 19.86 ET SEQ.**
12  DYNAMIC COLLECTORS, INC. and
    VIRGINIA MASON FRANCISCAN
13  HEALTH,

14              Defendants.

15

16      COME NOW Plaintiffs, by and through counsel, who allege:

17              **I.      PARTIES AND JURISDICTION**

18      1.      Plaintiffs Matthew and Melanie Nelson are a married couple who reside in

19  Washington State.

20      2.      Defendant Dynamic Collectors, Inc. ("DCI"), a Washington Corporation, UBI #

21  601 922 027, is a debt collector and licensed collection agency doing business in Washington,

22  and who repeatedly attempted to collect an alleged debt from the Plaintiffs.  DCI's registered

23  agent is Kevin Klumper, 790 S Market Blvd., Chehalis, WA, 98532.

Complaint - 1                          Exhibit A                  **ANDERSON | SANTIAGO**
                                       Page 5 of 34               207B SUNSET BLVD N.
                                                                  RENTON, WA 98057
                                                                  (206) 395-2665/F (206) 395-2719

1       3.     Defendant Virginia Mason Franciscan Health ("VMFH"), a Washington nonprofit

2    corporation, owns and operates (or represents that it owns and operates) St. Michael Medical

3    Center, the successor to Harrison Medical Center.  Plaintiff Ms. Nelson received treatment (for

4    herself or one of her children) from Harrison Medical Center on several occasions, and the

5    residual balance owed was assigned to Defendant DCI for collection of the debt.  On information

6    and belief, VMFH benefits from this arrangement by receiving payments from DCI (or the right

7    to payments or credits in the future) when Ms. Nelson pays or is subjected to a wage

8    garnishment.  VMFH's registered agent is CT Corporation System, 711 Capitol Way S Ste 204,

9    Olympia, WA 98501.

10      4.     Jurisdiction over Defendants is proper as Defendants are doing business in

11   Washington State, including King County, and venue is statutorily appropriate in King County,

12   Washington.

13   **II.     FACTS**

14      5.     Plaintiffs Matthew and Melanie Nelson are a married couple with five children

15   between them.  Mr. Nelson works as a house painter and Ms. Nelson is a medical assistant.

16   Times have been tough for the Nelsons financially, especially in recent years due to inflation and

17   other macroeconomic impacts.

18   **DCI's 2009 Collection Lawsuit**

19      6.     When Ms. Nelson was a single mother, she and her children incurred some

20   medical bills which could not be timely paid.  While she would have easily qualified for charity

21   care (RCW Chapter 70.170), its availability and criteria for qualification were not made known

22   to her at the time.  On information and belief, Ms. Nelson has never been informed of the

23   availability of charity care.

Complaint - 2

**ANDERSON | SANTIAGO**
207B SUNSET BLVD N.
RENTON, WA 98057
(206) 395-2665/F (206) 395-2719

7.      In 2009, DCI sued Ms. Nelson over hospital bills in a case captioned *Dynamic Collectors Incorporated v. Melanie Brodock*, Kitsap County District Court no. Y9-5033, ultimately obtaining a February 23, 2010 default judgment in the amount of $3,236.15 (hereafter **"the 2009 case"**).  Most of the hospital bills at issue were from Harrison Medical Center (as of 2020, "St. Michael Medical Center"[1]) concerning services from 2007; at least one bill was from 2005 from Mason General Hospital.

8.      For many years, it does not appear that DCI took any actions with respect to the 2009 case.  On or about December 30, 2019, DCI timely filed an application to extend the judgment.  A copy is attached as **Exhibit A**.

9.      The application to extend the judgment accurately identified the original judgment as having been entered February 23, 2010 in the amount of $3,236.15.  However, the application became confusing from there, as it:

  a.  Stated that interest, as of 12-17-19, was $3,273.65.  This was confusing, as at the original judgment rate of 12%, interest would be approximately $3,800.00, although at the 9% interest rate stated on the application, the amount of interest would be approximately $2,900.00.  The disparity in numbers suggests that something was amiss, as a simple interest calculation is typically straightforward.

  b.  Stated that "Costs/Fees and Attorney Fees" totaled $1,326.30.  This could not be true, as a court order was required to impose additional costs on a judgment. *Watkins v. Peterson Enterprises, Inc.*, 137 Wn.2d 632 (1999).

  c.  Stated "Post Judgment interest shall accrue at a rate of 9% per annum."  This

---

[1] The parent organization of St. Michael Medical Center, Virginia Mason Franciscan Health, boasts of the "recent $645 million expansion" of the facility.  https://www.vmfh.org/our-hospitals/st-michael-medical-center.

phrasing made it unclear whether DCI intended to reduce the rate of interest on a going-forward basis, or whether this incorrectly reflected DCI's understanding of the rate applied to the 2010 judgment. Regardless, the only judgment was the judgment entered in 2010, so taking the statement at face value, this meant that DCI only sought 9% interest from the entry of the 2010 judgment.

10.    In any event, in 2023 and 2024, DCI began issuing writs of garnishment, successfully garnishing the wages of Ms. Nelson on several occasions. Of course, wages are community property, and by statute, though the debt may have originally been Ms. Nelson's, it would be lawful to take her wages (despite Mr. Nelson having a property interest in said wages). *See* RCW 26.16.030; RCW 26.16.200. Across the first two garnishments, DCI took approximately $3,000.00 from Ms. Nelson's wages.

11.    In early November 2024, Ms. Nelson received another writ of garnishment (the third) from DCI, a copy of which is attached as **Exhibit B**. The writ was dated 10-14-24.

12.    This writ represented that the "balance of judgment" was $2,556.05, the accuracy of which seemed difficult to evaluate. After all, DCI's application to extend the judgment purported to add $1,326.30 in costs and fees which were not awarded by the court (not to mention failed to properly calculate interest), so it was nearly impossible to calculate what the "true" balance would be.

13.    What was clear, however, was that the "interest on judgment from 8-30-23 to 10-14-24" (a total of 13.5 months) was listed as $650.56 and, mathematically, could not possibly be correct. Again, the absolute maximum which could be charged in interest would be the original judgment balance at 12 percent simple interest ($3,236.15 times 0.12 yields $388.34 in

1  maximum yearly interest).[2]  DCI most certainly sought too much interest in this 2024

2  garnishment.

3      14.    Nevertheless, Ms. Nelson and her family had no choice but to suffer yet another

4  garnishment by DCI.

**DCI's 2015 Collection Lawsuit**

6      15.    Meanwhile, in 2015, DCI sued Ms. Nelson again, this time in a case captioned

7  *Dynamic Collectors Incorporated v. Melanie Brodock*, Kitsap County District Court no. Y15-

8  2672.  As before, the lawsuit concerned hospital bills, the majority of which were due to

9  Harrison Medical Center (now St. Michael's) incurred when Ms. Nelson was a single mother.

10 As before, DCI ultimately obtained a default judgment, this time on January 19, 2016, in the

11 amount of $2,313.19 (hereafter "**the 2015 case**").

12     16.    As before, DCI waited several years before taking action, but ultimately began

13 garnishing Ms. Nelson in 2022 at her place of employment.  In mid-July 2022, DCI obtained a

14 judgment on answer, thus obtaining $1,162.39 from Ms. Nelson and her family's wages.

15     17.    On or about November 21, 2024, DCI began another garnishment.  Though its

16 lawyer issued the writ of garnishment (which is permitted in district court), DCI also filed an

17 "application" for writ of garnishment.  The writ and application are attached as **Exhibit C**.

18     18.    The application stated that the "balance on judgment" was $2,321.06 "plus

19 interest and estimated garnishment costs."  This was confusing because the judgment was

20 entered in the amount of $2,313.19, approximately eight dollars less than was being represented

21

22

_____

[2] Again, even this estimate would be high, as DCI claimed it was actually charging 9% interest, and that
the judgment balance had been paid down (the "balance of judgment" figure being less than the amount of
the judgment), so whatever the proper arithmetic would show, there is no way that 13.5 months of interest
could yield $650.56.

Complaint - 5

ANDERSON | SANTIAGO
207B SUNSET BLVD N.
RENTON, WA 98057
(206) 395-2665/F (206) 395-2719

1  here.[3]  The application further stated that Ms. Nelson's employer was – at the time of the signing

2  of the application on or about November 21, 2024 – "indebted to [Ms. Nelson] in amounts

3  exceeding those exempted from garnishment by any state or federal law."

4      19.    This latter statement cannot be true, as just one month prior, DCI issued a wage

5  garnishment in the 2009 case to Ms. Nelson at her place of employment.  Given that RCW

6  6.27.150 identifies exempt wages as those being 80% of the disposable earnings, and the

7  remaining 20% of the disposable earnings were ALREADY being held for DCI during the

8  pendency of its writ in the 2009 case, it could not be possible that Ms. Nelson would have any

9  non-exempt income, and DCI's issuance of a writ of garnishment under these circumstances –

10  i.e. when it was presently garnishing her on another case – serves no purpose except to harass

11  Ms. Nelson and cause her to fear for her employment.

12      20.    Furthermore, the writ of garnishment also represented the "balance of the

13  judgment" to be $2,321.06, which is the same inflated amount identified in the application for

14  the writ.

15  **Hospitals and Charity Care - Generally**

16      21.    In exchange for the privilege of operating a hospital system in Washington,

17  organizations are required to provide services to indigent patients (and, by extension, their

18  children).  This has been the law for several decades and is known generally as "charity care,"

19  even though the mechanics of the law function more as a progressive rate structure or sliding

20  scale.

21      22.    Accordingly, it has been the law for at least 30 years that "each hospital shall

22

23

---

[3] While Ms. Nelson is not concerned with the eight dollars, for the reasons stated above (and others), she has reason to be concerned about DCI's accuracy and collection practices.

Exhibit A
Page 10 of 34

**ANDERSON | SANTIAGO**
207B SUNSET BLVD N.
RENTON, WA 98057
(206) 395-2665/F (206) 395-2719

1   develop, implement, and maintain a policy which shall enable indigent persons access to charity

2   care" and "Each hospital shall make every reasonable effort to determine the existence or

3   nonexistence of private or public sponsorship which might cover in full or part the charges for

4   care rendered by the hospital to a patient…An initial determination of sponsorship status shall

5   precede collection efforts directed at the patient." RCW 70.170.060(5), (10) (formerly codified

6   as RCW 70.170.060(5)-(6)).

7      23.     WAC Chapter 246-453 provides detailed requirements which hospitals must

8   follow concerning the identification of indigent patients, including how to handle such patients

9   and the minimum incomes which qualify a patient for full or partial charity care coverage. *See*

10   WAC 246-453-010 through WAC 246-453-090.

11      24.     Other laws also impact medical debt and collection practices. For example, no

12   hospital debt may be sent to a collection agency until at least 120 days have passed since the

13   billing statement was sent to the patient. RCW 70.54.470. Collection agencies must include

14   information about charity care in their initial communications with debtors, make certain

15   disclosures, and provide certain information upon request. RCW 19.16.250(28), (29).

16      25.     Health care, and hospitals, which are necessary institutions for the function of

17   society at large, affects trade and commerce, which is why the state legislature regulates the

18   industry and requires licenses for hospitals. RCW 70.41 et seq. Accordingly, hospitals and the

19   provision of medical services therein, impacts the public interest and impacts trade and

20   commerce, particularly when that leads to debts which require efforts to collect. *Panag v.*

21   *Farmers Ins. Co. of Wash.*, 166 Wn.2d 27, 53 (2009) ("Consumer debt collection is a highly

22   regulated field. When a violation of debt collection regulations occurs, it constitutes a per se

23   violation of the CPA…").

Complaint - 7            Exhibit A          **ANDERSON | SANTIAGO**

                        Page 11 of 34       207B SUNSET BLVD N.

                                             RENTON, WA 98057

                                 (206) 395-2665/F (206) 395-2719

**Charity Care – Specifically to Plaintiffs**

26.     Ms. Nelson does not recall *ever* having been offered charity care, by that or any other name.  Based on the documents available, it is not clear precisely which visits for which Ms. Nelson was sued (in either the 2009 or 2015 cases), but Ms. Nelson believes these amounts were for the remaining balance on medical bills for health care of herself and/or her children.

27.     While there was a revision to state law in 2018, it has always been the law (through all times relevant in this case) that a hospital must offer charity care, which includes "an initial determination of sponsorship status."

28.     Had Ms. Nelson been aware of the existence of charity care (and that the provision of charity care was, at certain income thresholds, nondiscretionary), Ms. Nelson would have readily invoked her rights to apply.  As a single mother with several children, and who did not have a particularly high-paying job, Ms. Nelson believes she would have qualified for either full or partial coverage at nearly any point in the process.

29.     Instead, not having been informed, Ms. Nelson simply accepted her "fate" when she was sued multiple times by DCI.  She felt it was futile to fight the lawsuits and did not feel she could resist the wage garnishments.  In short, as we approach the year 2025, Ms. Nelson continues to pay for hospital services rendered as far back as 2005.

30.     The matter is further complicated (against Ms. Nelson and in favor of DCI and VMFS) by virtue of an anachronistic provision in Washington law, RCW 4.08.080, which permits a collection agency to sue in its own name.  Thus, a nonlawyer such as Ms. Nelson may be served with a debt collection lawsuit – captioned only in the name of the debt collector – and have little to no understanding of the ongoing involvement of the hospital (i.e. the actual creditor).  It would be incredibly unlikely for a nonlawyer dealing with a civil lawsuit to

ascertain that they had rights under the charity care statutes. For this reason, hospitals (and now collection agencies) have affirmative disclosure obligations, though they do not appear to have been observed here.

31.    As a result of having been kept in the dark concerning her rights to charity care, Ms. Nelson has lived a somewhat resigned existence, knowing that she is required to pay many medical bills and that civil judgments last for a long time. Had VMFH or its predecessor simply informed Ms. Nelson of her right to apply for charity care, she would have done so and would not have been saddled with decades of debt collection problems.

32.    Of course, the motivation is obvious – where patients are unclear or uncertain of their rights to charity care, this yields more money for the hospital, provider, and/or others involved in the financial end of the provision of health care.

33.    To be extremely clear, Ms. Nelson does not seek some sort of "free ride" or "free medical care;" many years ago, Ms. Nelson was required to leave an unhealthy marriage with her two children and survive on the earnings of a newly-minted medical assistant, which is not traditionally a high-paying job. Ms. Nelson has, unfortunately, faced several hurdles in her life which set her back from providing for her family, such as a shoulder surgery which left her out of work and without insurance for a period of time. In conclusion, had the law been applied properly, Ms. Nelson would not have been the target of collection efforts for so many years.

34.    As a result of Defendant's actions detailed above, Plaintiffs have incurred expenses in seeking and retaining counsel in connection with ascertaining their legal rights and responsibilities, and have suffered financial uncertainty, unease, and distress caused by Defendant's tactics and communications, which are false, misleading, improper, and/or confusing.

Complaint - 9

**ANDERSON | SANTIAGO**
207B SUNSET BLVD N.
RENTON, WA 98057
(206) 395-2665/F (206) 395-2719

1    35.   Further, Plaintiffs have been required to pay – by wage garnishment – amounts

2   which should have been covered by charity care well over a decade ago, and had the law been

3   followed, this outcome would not have occurred.

4                          **III.   CAUSES OF ACTION**

5                **GENERAL ALLEGATIONS APPLICABLE TO ALL COUNTS**

6    36.   With respect to the alleged debt, Plaintiffs are consumers as defined by 15 U.S.C.

7   § 1692a(3) and Defendant is a debt collector as defined by 15 U.S.C. § 1692a(6).

8    37.   With respect to the alleged debt, Plaintiffs are "debtors" as defined by RCW

9   19.16.100(8) and Defendant is a collection agency as defined by RCW 19.16.100(4).

10   38.   For claims arising under the Fair Debt Collection Practices Act, such claims are

11  assessed using the "least sophisticated debtor" standard. *Guerrero v. RJM Acquisitions LLC*, 499

12  F.3d 926, 934 (9th Cir. 2007).

13                          **Count 1 (as to Defendant DCI)**

14   39.   A debt collector may not use any false, deceptive, or misleading representation or

15  means in connection with the collection of any debt. 15 U.S.C. § 1692e. Additionally, it is a

16  violation to falsely represent the character, amount, or legal status of any debt. § 1692e(2); *see*

17  *also* § 1692e(10) (further prohibiting false representations and/or deceptive activities).

18   40.   Plaintiffs incorporate the above paragraphs and reallege them herein.

19   41.   In seeking $650.56 in interest in its October 2024 garnishment, DCI sought to

20  collect interest which was not owed and could not mathematically be owed.

21   42.   Moreover, DCI issued a second wage garnishment just one month later which

22  asserted that Ms. Nelson had exempt earnings which would be available for garnishment, which

23  could never have been true, given that DCI was *already presently garnishing* Ms. Nelson and

Complaint - 10                    Exhibit A
                                    Page 14 of 34

ANDERSON | SANTIAGO
207B SUNSET BLVD N.
RENTON, WA 98057
(206) 395-2665/F (206) 395-2719

1    knew that she had no nonexempt income.

2        43.    Regardless of whether the purpose was to browbeat Ms. Nelson into making

3    additional payments, to imperil her employment, or some other purpose, the fact remains that

4    these actions included false, deceptive, and/or misleading representations designed to obtain

5    money from Ms. Nelson.

6        44.    Therefore, Defendant DCI violated 15 U.S.C. § 1692e and/or § 1692e(2)/e(10).

7                    **Count 2 (as to Defendant DCI)**

8        45.    A debt collector may not use unfair or unconscionable means to collect or attempt

9    to collect any debt.  15 U.S.C. § 1692f.

10       46.    Plaintiffs reallege the allegations in Count 1, *supra*.

11       47.    The actions of DCI also constitute unfair or unconscionable means to collect or

12   attempt to collect a debt.

13       48.    For the above-stated reasons, Defendant DCI therefore violated 15 U.S.C. § 1692f

14   on multiple occasions.

15               **GENERAL ALLEGATIONS APPLICABLE TO ALL CPA CLAIMS**

16       49.    Violations of RCW 19.16.250 are per se violations of the Consumer Protection

17   Act ("CPA"), RCW chapter 19.86.[4]  *See* RCW 19.16.440.  RCW 19.86.090 provides for treble

18   damages (to a limit of $25,000) and attorney's fees.

19       50.    Because RCW Chapter 19.16 is enforced through RCW 19.86 *et seq.*, the below

20   counts alleging violations of RCW Chapter 19.16 are therefore CPA violations.

21       51.    Even minimal or nominal damages constitute "injury" under the CPA.  *Panag*,

22

23   [4] *See Panag v. Farmers Ins. Co. of Wash.*, 166 Wn.2d 27, 53 (2009) ("Consumer debt collection is a highly
     regulated field.  When a violation of debt collection regulations occurs, it constitutes a per se violation of
     the CPA...").

Complaint - 11                          Exhibit A                    **ANDERSON | SANTIAGO**
                                       Page 15 of 34                  207B SUNSET BLVD N.
                                                                     RENTON, WA 98057
                                                                     (206) 395-2665/F (206) 395-2719

1    166 Wn.2d at 57. A plaintiff need not prove any monetary damages at all, as even

2    "unquantifiable damages" suffice to establish "injury" for purposes of the CPA. *Id.* (citing

3    *Nordstrom, Inc. v. Tampourlos*, 107 Wn.2d 735, 740 (1987)).

4    52.    Lastly, FDCPA violations separately constitute "per se" violations of the CPA.

5    (For ease of reference, Plaintiff will not reallege each claim multiple times. Nevertheless, this is

6    yet another basis for CPA liability.)

7                                  **Count 3 – as to Defendant DCI**

8    53.    A collection agency may not collect or attempt to collect any sum other than

9    principal, allowable interest, collection costs or handling fees expressly authorized by statute, and

10   in the case of suit attorney's fees and taxable court costs. RCW 19.16.250(21).

11   54.    Here, Defendant DCI attempted to collect amounts in interest via its October 2024

12   garnishment which were not owed and not authorized by law.

13   55.    Defendant DCI therefore violated RCW 19.16.250(21).

14                                  **Count 4 – as to Defendant VMFH**

15   56.    Plaintiffs again incorporate the above paragraphs herein by reference.

16   57.    Despite all of the statutes and regulations governing charity care, Defendant VMFH

17   (and/or its predecessors) never provided this information to Ms. Nelson. It was therefore an unfair

18   or deceptive act or practice for VMFH to withhold this information from Ms. Nelson over the

19   course of so many years. This is exacerbated when VMFH is, on information and belief, the

20   beneficiary of Ms. Nelson's garnished wages.

21   58.    In short, by either ignoring the matter or hiding behind its collection agency (DCI),

22   VMFH is benefitting from a situation by withholding information from Ms. Nelson concerning the

23   applicability of charity care.

Complaint - 12                          Exhibit A                    **ANDERSON | SANTIAGO**
                                        Page 16 of 34                 207B SUNSET BLVD N.
                                                                     RENTON, WA 98057
                                                                     (206) 395-2665/F (206) 395-2719

1    59.    Making matters worse, as DCI was the named plaintiff in the 2009 and 2015

2    collection lawsuits, Ms. Nelson – who is not a lawyer – did not have the legal knowledge to

3    ascertain the identity of to whom she owed money.  It was discouraging and, ultimately, simply

4    easier for a person of modest means to "accept her fate" and just allow perpetual wage

5    garnishments than to determine whether she had other recourse concerning her family's receipt of

6    hospital services many years ago.

7    60.    As stated above, these actions occurred in trade and commerce and, as a matter of

8    law, hospitals and medical services impact the public interest.

9    61.    But for VMFH's actions, Ms. Nelson would not have been subjected to repeated

10    wage garnishments, as she would have easily qualified for a reduction in the amount owed based

11    on the charity care statutes and regulations.

12    62.    Defendant VMFH therefore violated the Consumer Protection Act.

13    **Count 5 – Additonal "per se" CPA claims**

14    63.    The foregoing violation of RCW 19.16.250 (Count 3) constitutes "per se"

15    violations of the Washington Consumer Protection Act.

16    64.    In addition, Defendant's violations of the FDCPA as outlined above – regardless of

17    whether such claims would otherwise be purportedly time-barred – themselves constitute *per se*

18    violations of the CPA.  *See Sims v. Midland Funding LLC*, 2021 WL 1546135 at *5 (W.D. Wash.

19    Apr. 20, 2021) (citing *Hoffman v. Transworld Sys. Inc.*, 806 F. App'x 549, 552 n.3 (9th Cir. 2020)).

20    65.    Washington's CPA claims are subject to the discovery rule.  *See Shepard v.*

21    *Holmes*, 185 Wn. App. 730, 740 (2014).

22    66.    Therefore, each of the foregoing FDCPA claims are reasserted herein as "per se"

23    violations of the CPA, and Defendant DCI thus violated the Consumer Protection Act on this

Complaint - 13

ANDERSON | SANTIAGO
207B SUNSET BLVD N.
RENTON, WA 98057
(206) 395-2665/F (206) 395-2719

1 | independent basis.

2 | **Request for Injunctive Relief**

3 | 67.      A plaintiff may seek injunctive relief for violations of the Consumer Protection

4 | Act. RCW 19.86.090.

5 | 68.      Plaintiffs do seek injunctive relief from this Court which would enjoin Defendant

6 | from collecting debts in the manner described above from both Plaintiff and any other person

7 | similarly situated. *Scott v. Cingular Wireless*, 160 Wn. 2d 843, 853 (2007).

8 | 69.      Specifically, Plaintiffs seek an injunction prohibiting Defendant DCI from

9 | seeking too much interest in garnishments, among other tactics.

10 | 70.      Plaintiffs seek an injunction prohibiting Defendant VMFH from benefitting from

11 | debt collection efforts without notifying such patients/debtors of the availability of charity care.

12 | 71.      Plaintiffs have reason to believe these actions make up a pattern and practice of

13 | behavior and have impacted other individuals similarly situated.

14 | 72.      Injunctive relief is necessary to prevent further injury to Plaintiffs and to the

15 | Washington public as a whole.

16 | 73.      Injunctive relief should therefore issue as described herein.

17 | **IV. PRAYER FOR RELIEF**

18 | WHEREFORE, Plaintiffs pray:

19 | 1.      For Judgment against Defendant for actual damages.

20 | 2.      For statutory damages of $1,000.00 for FDCPA violations, per Plaintiff.

21 | 3.      For statutory damages of $7,500.00 per violation for Washington Collection

22 | Agency Act and Consumer Protection Act violations, per Defendant.

23 | 4.      For treble damages, pursuant to RCW 19.86.090, calculated from the damages

Complaint - 14

**ANDERSON | SANTIAGO**
207B SUNSET BLVD N.
RENTON, WA 98057
(206) 395-2665/F (206) 395-2719

determined by the court.

5.   For costs and reasonable attorney's fees as determined by the Court pursuant to 15 U.S.C. 1692k(a)(3) and other applicable law.

6.   For injunctive relief pursuant to RCW 19.86.090 as described above.

Respectfully submitted this 16th day of December, 2024.

ANDERSON SANTIAGO, PLLC

By:
Jason D. Anderson, WSBA No. 38014
T. Tyler Santiago, WSBA No. 46004
Attorneys for Plaintiff
207B Sunset Blvd. N.
Renton, WA 98057
(206) 395-2665
(206) 395-2719 (fax)

Complaint - 15

Exhibit A
Page 19 of 34

ANDERSON | SANTIAGO
207B Sunset Blvd N.
Renton, WA 98057
(206) 395-2665 / F (206) 395-2719

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

# EXHIBIT A

**FILED**

DEC 30

KITSAP COUNT
DISTRICT C

KITSAP COUNTY DISTRICT COURT, KITSAP COUNTY, WASHINGTON

DYNAMIC COLLECTORS, INCORPORATED

NO Y9-5033

           Plaintiff,

APPLICATION AND ORDER
GRANTING ADDITIONAL TIME
FOR EXECUTION, GARNISHMENT,
OR OTHER LEGAL PROCESS

          vs.

MELANIE BRODOCK AKA MELANIE A BRODOCK

          Defendant(s)

---

COMES now the plaintiff, and applies to the Court in accordance with

RCW 6.17.020 for an order granting additional time for execution,

garnishment, or other legal process on the judgment number Y9-5033

filed in the above-entitled Court on 02-23-10 summarized as follows:

JUDGMENT SUMMARY

Judgment Creditor:    DYNAMIC COLLECTORS, INCORPORATED

Judgment Debtor:    MELANIE BRODOCK AKA MELANIE A BRODOCK

| | |
|---|---|
| Principal: | 3236.15 |
| Interest as of 12-17-19: | 3273.65 |
| Costs/Fees and Attorney Fees: | 1326.30 |
| Less Payments: | 2803.50 |
| Total as of 12-17-19: | 5032.60 |

Attorney for Judgment Creditor: Joseph O. Enbody

Post Judgment interest shall accrue at a rate of 9% per annum.

Exhibit A
Page 21 of 34

Joseph O. Enbody WSBA #21445
Attorney at Law
790 S Market Blvd
Chehalis, WA 98532
360-748-4374

TEN8 10YR CONTINUANCE

ORDER

Plaintiff has not transcribed this judgment to a superior court.

The Court having reviewed the plaintiff's application for an order granting additional time during which an execution, garnishment or other legal process may be issued, it is hereby,

ORDERED, that the plaintiff's application is granted and the plaintiff may have an additional ten years during which execution, garnishment, or other legal process may be issued upon the judgment on file herein, subject to the limitation of RCW 6.17.020(7), and the Clerk is to enter the judgment on the current and updated judgment summary from the plaintiff's application.

Dated this _____ 12 - 30 - 19
JAN 3 0 2020

Judge/Court Commissioner

MARILYN G. PAJA

Presented by:

[ ] Joseph O. Enbody WSBA #21445
[ ] David P. Arcuri WSBA #15557
[ ] Joseph P. Enbody WSBA #1796
[ ] Jason David Arcuri WSBA #51611
    Attorney for Dynamic Collectors, Inc.

Exhibit A
Page 22 of 34

Joseph O Enbody WSBA #21445
Attorney at Law
790 S Market BLVD
Chehalis WA 98532
360-748-4374

TEN88 10YR CONTINUANCE

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

# EXHIBIT B

10/30/2024 8:38:43 AM

Y9-005033-CV

FILED

October 30, 2024

Kitsap County District Court

KITSAP COUNTY DISTRICT COURT OF WASHINGTON
COUNTY OF KITSAP

DYNAMIC COLLECTORS, INC                    NO. Y9-5033

                    Plaintiff,         WRIT OF GARNISHMENT (CONTINUING
                                        LIEN ON EARNINGS AFTER JUDGMENT)
        vs.                             This garnishment is based on a
                                        judgment or order for consumer debt.

MELANIE BRODOCK AKA MELANIE A BRODOCK AND JOHN DOE


HUSBAND AND WIFE AND THE MARITAL COMMUNITY COMPOSED THEREOF
                    Defendant(s),

  NEPHROLOGY ASSOCIATES OF KITSAP COUNTY PLLC


_____ Garnishee _____
THE STATE OF WASHINGTON TO:          9489 0178 9820 3039 6713 90
  NEPHROLOGY ASSOCIATES OF KITSAP CO    PLLC

AND TO: MELANIE BRODOCK AKA MELANIE A BRODOCK       9489 0178 9820 3039 6714 06

The plaintiff in this action has applied for      of Garnishment against
you, claiming that the above-named defendant is indebted to plaintiff and
that the amount to be held to satisfy the indebtedness is $   3514.07
consisting of:

Balance of Judgment or Amount of Claim together with
Taxable Costs and Attorney Fees: ..............................$   2556.05
Interest on Judgment from 08-30-23 to 10-14-24 : .............$    650.56

Estimated Garnishment Costs:
        Filing Fee: ....................................$     12.00
        Ex Parte Fee:..................................$     20.00
        Service and Affidavit Fees: ....................$      0.00
        Postage and Costs of Certified Mail: ..........$     19.86
        Answer Fee or Fees: ...........................$      0.00
        Garnishment Attorney Fees: ....................$    255.60
        Other: ........................................$      0.00
        Total estimated garnishment costs: ......................$    307.46

TOTAL: ..............................................$   3514.07

Exhibit A
Page 24 of 34

WRIT OF GARN (WG1CD2) PAGE 1 OF 3           JOSEPH O. ENBODY WSBA #21445

Plus Per Day Rate of Estimated Interest: ......................$      0.12
                                                                  Per day

THIS IS A WRIT FOR A CONTINUING LIEN, THE GARNISHEE SHALL HOLD the nonexempt
portion of the defendant's earnings due at the time of service of this writ
and shall also hold the defendant's nonexempt earnings that accrue through
the last payroll period ending on or before SIXTY days after the date of
service of this writ. HOWEVER, IF THE GARNISHEE IS PRESENTLY HOLDING THE
NONEXEMPT PORTION OF THE DEFENDANT'S EARNINGS UNDER A PREVIOUSLY SERVED WRIT
FOR A CONTINUING LIEN, THE GARNISHEE SHALL HOLD UNDER THIS WRIT only the
defendant's nonexempt earnings that accrue from the date the previously
served writ or writs terminate and through the last payroll period ending on
or before sixty days after the date of termination of the previous writ or
writs.  IN EITHER CASE, THE GARNISHEE SHALL STOP WITHHOLDING WHEN THE SUM
WITHHELD EQUALS THE AMOUNT STATED IN THIS WRIT OF GARNISHMENT.

YOU ARE COMMANDED, unless otherwise directed by the court, by the attorney of
record for the plaintiff, or by this writ, not to pay any debt, whether
earnings subject to this garnishment or any other debt, owed to the defendant
at the time this writ was served and not to deliver, sell, or transfer, or
recognize any sale or transfer of, any personal property or effects of the
defendant in your possession or control at the time this writ was served.  Any
such payment, delivery, sale, or transfer is void to the extent necessary to
satisfy the plaintiff's claim and costs for this writ with interest.

YOU ARE ALSO COMMANDED to answer this writ according to the instructions
in this writ and in the answer forms and, within twenty days after the service
of the writ upon you, to mail or deliver the original of such answer to the
court, one copy to the plaintiff or the plaintiff's attorney, and one copy to
the defendant at the addresses listed at the bottom of this writ.

If, at the time this writ was served, you owed the defendant any earnings
(that is wages, salary, commission, bonus, tips, or other compensation for
personal services or any periodic payments pursuant to a nongovernmental
pension or retirement program), the defendant is entitled to receive amounts
that are exempt from garnishment under federal and state law.  You must pay
the exempt amounts to the defendant on the day you would customarily pay the
compensation or other periodic payment.  As more fully explained in the answer,
the basic exempt amount is the greater of 75 percent of disposable earnings or
a minimum amount determined by reference to the employee's pay period, to be
calculated as provided in the answer.

However, if this writ carries a statement in the heading of "This garnishment
is based on a judgment or order for:"
- "child support," the basic exempt amount is 50 percent of disposable
  earnings; or
- "private student loan debt," the basic exempt amount is greater of 85 percent
  of disposable earnings or 50 times the minimum hourly wage of the highest
  minimum wage law in the state at the time the earnings are payable; or
- "consumer debt," the basic exempt amount is the greater of 80 percent of
  disposable earnings or 35 times the state minimum hourly wage.

WRIT OF GARN (WG2CD) Page 2 of 3              JOSEPH O. ENBODY WSBA #21445

YOU MAY DEDUCT A PROCESSING FEE FROM THE REMAINDER OF THE EMPLOYEE'S EARNINGS
AFTER WITHHOLDING UNDER THIS WRIT.   THE PROCESSING FEE MAY NOT EXCEED TWENTY
DOLLARS FOR THE FIRST ANSWER AND TEN DOLLARS AT THE TIME YOU SUBMIT THE SECOND
ANSWER.

If you owe the defendant a debt payable in money in excess of the amount set
forth in the first paragraph of this writ, hold only the amount set forth in
the first paragraph and any processing fee, if one is charged, and release all
additional funds or property to defendant.

IF YOU FAIL TO ANSWER THIS WRIT AS COMMANDED, A JUDGMENT MAY BE ENTERED
AGAINST YOU FOR THE FULL AMOUNT OF THE PLAINTIFF'S CLAIM AGAINST THE DEFENDANT
WITH ACCRUING INTEREST, ATTORNEY FEES, AND COSTS WHETHER OR NOT YOU OWE
ANYTHING TO THE DEFENDANT.   IF YOU PROPERLY ANSWER THIS WRIT, ANY JUDGMENT
AGAINST YOU WILL NOT EXCEED THE AMOUNT OF ANY NONEXEMPT DEBT OR THE VALUE OF
ANY NONEXEMPT PROPERTY OR EFFECTS IN YOUR POSSESSION OR CONTROL.

JUDGMENT MAY ALSO BE ENTERED AGAINST THE DEFENDANT FOR COSTS AND FEES
INCURRED BY THE PLAINTIFF.

This writ is issued by the undersigned attorney of record for plaintiff
under the authority of Chapter 6.27 RCW, and must be complied with in the
same manner as a writ issued by the clerk of the court.

Dated:    10-14-24

[ ] Joseph O. Enbody WSBA #21445          Address of Clerk of Court:
[ ] David P. Arcuri WSBA #15557           614 DIVISION ST MS-25
[ ] Joseph P. Enbody WSBA #1796
    ATTORNEY FOR PLAINTIFF                 PORT ORCHARD, WA 98366
    790 S. MARKET BLVD.                    KCDC@CO.KITSAP.WA.US
    CHEHALIS, WA 98532
    360-748-4374

NAME OF DEFENDANT:

    MELANIE BRODOCK AKA MELANIE A BRODOCK

ADDRESS OF DEFENDANT:

    5597 MINARD RD W

    BREMERTON WA 98312

WRIT OF GARN (WG3CD) PAGE 3 OF 3          JOSEPH O. ENBODY WSBA #21445

KITSAP COUNTY DISTRICT COURT OF WASHINGTON
COUNTY OF KITSAP

                                                 NO.   Y9-5033

DYNAMIC COLLECTORS, INC.

                        Plaintiff,                  APPLICATION FOR WRIT
                                                      OF GARNISHMENT

      vs.

MELANIE BRODOCK AKA MELANIE A BRODOCK AND JOHN DOE

HUSBAND AND WIFE AND THE MARITAL COMMUNITY COMPOSED THEREOF
                        Defendant(s),

  NEPHROLOGY ASSOCIATES OF KITSAP COUNTY PLLC

                    Garnishee.

---

## I.   APPLICATION

1.1  Plaintiff has a judgment wholly or partially unsatisfied, against the
     Defendant, in the court from which the writ is being sought.

1.2  The amount alleged to be due is the balance of the judgment or amount
     of claim, $___2556.05, plus interest and estimated garnishment costs
     as indicated in the writ.

1.3  Plaintiff has reason to believe, and does believe, that

     NEPHROLOGY ASSOCIATES OF KITSAP COUNTY PLLC

      C/O PAYROLL

    whose residence and/or business location is

     2771 HEMLOCK ST STE 201

     BREMERTON, WA 98310-2689

    is indebted to the defendant in amounts exceeding those exempted from
    garnishment by any state or federal law.

Exhibit A

Page 27 of 34

APP FOR WRIT OF GARN (AP1)                       JOSEPH O. ENBODY WSBA #21445

1.4  The garnishee is the employer of the defendant.


## II.  CERTIFICATION

I CERTIFY under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.



Dated at Chehalis Washington on  10/15/24  .




*Kendra Rogerson*

[Y] KENDRA ROGERSON
[ ] MADISON KOSTA
[ ] KRISTYNA HANSON
Agent for Dynamic Collectors, Inc.

Joseph O. Enbody WSBA #21445
Attorney at Law
790 S. Market
Chehalis WA 98532

APP FOR WRIT OF GARN (AP2)

# EXHIBIT C

11/27/2024 3:03:58 PM
Y15-02672-CV

FILED

NOV 27 2024

Kitsap County District Court

KITSAP COUNTY DISTRICT COURT OF WASHINGTON
COUNTY OF KITSAP

NO.  Y15-2672

DYNAMIC COLLECTORS, INC.

                          Plaintiff,             APPLICATION FOR WRIT
                                                 OF GARNISHMENT

        vs.
MELANIE A KNIGHT AKA MELANIE A MCFARLIN AKA
MELANIE A BRODOCK

                          Defendant(s),

   NEPHROLOGY ASSOCIATES OF KITSAP COUNTY PLLC

                          Garnishee.

_____

                       I.  APPLICATION

1.1  Plaintiff has a judgment wholly or partially unsatisfied, against the
     Defendant, in the court from which the writ is being sought.

1.2  The amount alleged to be due is the balance of the judgment or amount
     of claim, $   2321.06, plus interest and estimated garnishment costs
     as indicated in the writ.

1.3  Plaintiff has reason to believe, and does believe, that

        NEPHROLOGY ASSOCIATES OF KITSAP COUNTY PLLC

        C/O PAYROLL

     whose residence and/or business location is

        2771 HEMLOCK ST STE 201

        BREMERTON, WA 98310-2689

     is indebted to the defendant in amounts exceeding those exempted from
     garnishment by any state or federal law.
                                    Exhibit A
                                  Page 30 of 34

APP FOR WRIT OF GARN (AP1)                 JOSEPH O. ENBODY WSBA #21445

1.4  The garnishee is the employer of the defendant.


II.  CERTIFICATION

I CERTIFY under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.



Dated at Chehalis Washington on ___11/22/24___.




Kendra Rogerson
_____

[Y] KENDRA ROGERSON
[ ] MADISON KOSTA
[ ] KRISTYNA HANSON
Agent for Dynamic Collectors, Inc.



Joseph O. Enbody WSBA #21445
Attorney at Law
790 S. Market
Chehalis WA 98532

Exhibit A
Page 31 of 34

APP FOR WRIT OF GARN (AP2)

11/27/2024 3:03:58 PM
Y15-02672-CV

FILED

NOV 27 2024

Kitsap County District Court

KITSAP COUNTY DISTRICT COURT OF WASHINGTON
COUNTY OF KITSAP

DYNAMIC COLLECTORS, INC                    NO. Y15-2672
                                           WRIT OF GARNISHMENT (CONTINUING
              Plaintiff,                   LIEN ON EARNINGS AFTER JUDGMENT)
    vs.                                    This garnishment is based on a
                                           judgment or order for consumer debt.
MELANIE A KNIGHT AKA MELANIE A MCFARLIN AKA
MELANIE A BRODOCK

              Defendant(s),

  NEPHROLOGY ASSOCIATES OF KITSAP COUNTY PLLC

                    Garnishee
THE STATE OF WASHINGTON TO:
  NEPHROLOGY ASSOCIATES OF KITSAP COUNTY PLLC

AND TO: MELANIE A KNIGHT AKA MCFARLIN AKA BRODOCK

The plaintiff in this action has applied for a Writ of Garnishment against
you, claiming that the above-named defendant is indebted to plaintiff and
that the amount to be held to satisfy the indebtedness is $   2989.91
consisting of:

Balance of Judgment or Amount of Claim together with
Taxable Costs and Attorney Fees: .............................$   2321.06
Interest on Judgment from 06-21-22 to 11-21-24 : ..............$    384.89

Estimated Garnishment Costs:
      Filing Fee: ....................................$    12.00
      Ex Parte Fee:...................................$    20.00
      Service and Affidavit Fees: ....................$     0.00
      Postage and Costs of Certified Mail: ...........$    19.86
      Answer Fee or Fees: ............................$     0.00
      Garnishment Attorney Fees: .....................$   232.10
      Other: .........................................$     0.00
      Total estimated garnishment costs: .....................$    283.96

TOTAL: .......................................................$   2989.91

Exhibit A
Page 32 of 34

WRIT OF GARN (WG1CD2) PAGE 1 OF 3          JOSEPH O. ENBODY WSBA #21445

Plus Per Day Rate of Estimated Interest: ......................$    0.38
                                                              Per day

THIS IS A WRIT FOR A CONTINUING LIEN, THE GARNISHEE SHALL HOLD the nonexempt
portion of the defendant's earnings due at the time of service of this writ
and shall also hold the defendant's nonexempt earnings that accrue through
the last payroll period ending on or before SIXTY days after the date of
service of this writ. HOWEVER, IF THE GARNISHEE IS PRESENTLY HOLDING THE
NONEXEMPT PORTION OF THE DEFENDANT'S EARNINGS UNDER A PREVIOUSLY SERVED WRIT
FOR A CONTINUING LIEN, THE GARNISHEE SHALL HOLD UNDER THIS WRIT only the
defendant's nonexempt earnings that accrue from the date the previously
served writ or writs terminate and through the last payroll period ending on
or before sixty days after the date of termination of the previous writ or
writs.  IN EITHER CASE, THE GARNISHEE SHALL STOP WITHHOLDING WHEN THE SUM
WITHHELD EQUALS THE AMOUNT STATED IN THIS WRIT OF GARNISHMENT.

YOU ARE COMMANDED, unless otherwise directed by the court, by the attorney of
record for the plaintiff, or by this writ, not to pay any debt, whether
earnings subject to this garnishment or any other debt, owed to the defendant
at the time this writ was served and not to deliver, sell, or transfer, or
recognize any sale or transfer of, any personal property or effects of the
defendant in your possession or control at the time this writ was served.  Any
such payment, delivery, sale, or transfer is void to the extent necessary to
satisfy the plaintiff's claim and costs for this writ with interest.

YOU ARE ALSO COMMANDED to answer this writ according to the instructions
in this writ and in the answer forms and, within twenty days after the service
of the writ upon you, to mail or deliver the original of such answer to the
court, one copy to the plaintiff or the plaintiff's attorney, and one copy to
the defendant at the addresses listed at the bottom of this writ.

If, at the time this writ was served, you owed the defendant any earnings
(that is wages, salary, commission, bonus, tips, or other compensation for
personal services or any periodic payments pursuant to a nongovernmental
pension or retirement program), the defendant is entitled to receive amounts
that are exempt from garnishment under federal and state law.  You must pay
the exempt amounts to the defendant on the day you would customarily pay the
compensation or other periodic payment.  As more fully explained in the answer,
the basic exempt amount is the greater of 75 percent of disposable earnings or
a minimum amount determined by reference to the employee's pay period, to be
calculated as provided in the answer.

However, if this writ carries a statement in the heading of "This garnishment
is based on a judgment or order for:"
- "child support," the basic exempt amount is 50 percent of disposable
  earnings; or
- "private student loan debt," the basic exempt amount is greater of 85 percent
  of disposable earnings or 50 times the minimum hourly wage of the highest
  minimum wage law in the state at the time the earnings are payable; or
- "consumer debt," the basic exempt amount is the greater of 80 percent of
  disposable earnings or 35 times the state minimum hourly wage.

Exhibit A
Page 33 of 34

WRIT OF GARN (WG2CD) Page 2 of 3          JOSEPH O. ENBODY WSBA #21445

YOU MAY DEDUCT A PROCESSING FEE FROM THE REMAINDER OF THE EMPLOYEE'S EARNINGS
AFTER WITHHOLDING UNDER THIS WRIT.  THE PROCESSING FEE MAY NOT EXCEED TWENTY
DOLLARS FOR THE FIRST ANSWER AND TEN DOLLARS AT THE TIME YOU SUBMIT THE SECOND
ANSWER.

If you owe the defendant a debt payable in money in excess of the amount set
forth in the first paragraph of this writ, hold only the amount set forth in
the first paragraph and any processing fee, if one is charged, and release all
additional funds or property to defendant.

IF YOU FAIL TO ANSWER THIS WRIT AS COMMANDED, A JUDGMENT MAY BE ENTERED
AGAINST YOU FOR THE FULL AMOUNT OF THE PLAINTIFF'S CLAIM AGAINST THE DEFENDANT
WITH ACCRUING INTEREST, ATTORNEY FEES, AND COSTS WHETHER OR NOT YOU OWE
ANYTHING TO THE DEFENDANT.  IF YOU PROPERLY ANSWER THIS WRIT, ANY JUDGMENT
AGAINST YOU WILL NOT EXCEED THE AMOUNT OF ANY NONEXEMPT DEBT OR THE VALUE OF
ANY NONEXEMPT PROPERTY OR EFFECTS IN YOUR POSSESSION OR CONTROL.

JUDGMENT MAY ALSO BE ENTERED AGAINST THE DEFENDANT FOR COSTS AND FEES
INCURRED BY THE PLAINTIFF.

This writ is issued by the undersigned attorney of record for plaintiff
under the authority of Chapter 6.27 RCW, and must be complied with in the
same manner as a writ issued by the clerk of the court.

Dated:    11-21-24

Address of Clerk of Court:

[ ] Joseph O. Enbody WSBA #21445
[ ] David P. Arcuri WSBA #15557          614 DIVISION ST MS-25
[ ] Joseph P. Enbody WSBA #1796
    ATTORNEY FOR PLAINTIFF                PORT ORCHARD, WA 98366
    790 S. MARKET BLVD.                   KCDC@CO.KITSAP.WA.US
    CHEHALIS, WA 98532
    360-748-4374

NAME OF DEFENDANT:

    MELANIE A KNIGHT AKA MELANIE A MCFARLIN AKA
    MELANIE A BRODOCK

ADDRESS OF DEFENDANT:

    5597 MINARD RD W

    BREMERTON WA 98312

Exhibit A
Page 34 of 34

WRIT OF GARN (WG3CD) PAGE 3 OF 3          JOSEPH O. ENBODY WSBA #21445