UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MELANIE AND MATTHEW NELSON,<br><br>                  Plaintiff,<br><br>   v.<br><br>DYNAMIC COLLECTORS, INC. and VIRGINIA MASON FRANCISCAN HEALTH,<br><br>                  Defendant | CASE NO. 2:25-CV-00097-JNW<br><br>ORDER DENYING VIRGINIA MASON FRANCISCAN HEALTH'S MOTION TO DISMISS |

This matter comes before the Court on Defendant Virginia Mason Franciscan Health Motion to Dismiss. Dkt. #10. The Court has considered the pleadings filed in support of and in opposition to the motions and the file herein. For the reasons stated herein, the motion is denied.

                  I.        **FACTUAL AND PROCEDURAL HISTORY**

Between the years of 2007 and 2013, plaintiff Melanie Nelson sought medical care for herself and her children from Harrison Medical Center, which came under the ownership and operation of the defendant Virginia Mason Franciscan Health (VMFH). Ms. Nelson incurred medical bills for those services and she did not pay the bills. At the direction of VMFH, defendant Dynamic Collectors, Inc. (DCI) filed two separate lawsuits in Kitsap County District

Court to collect the money owed by Ms. Nelson. The first one was filed on November 30, 2009, and on February 23, 2010, the court entered a default judgement against Ms. Nelson in the total amount of $3,236.15. See Ex 1, 12-14 of the Declaration of Sabrina Marquez (Marquez Decl.). Dkt.#11-1. The second lawsuit was filed on September 15, 2015, and was also resolved by a default judgment entered on January 19, 2016 in the total amount of $2,313.19. Marquez Decl. Ex. 2, 18-19. Dkt.#11-2.

Thereafter, the defendants sought to collect the money set forth in the judgments by way of wage garnishments of Ms. Nelson's paychecks. This lawsuit followed, alleging that the defendants violated Washington's Consumer Protection Act (CPA), RCW 19.16.250 and related regulations by failing to offer Ms. Nelson charity care as required by Washington law at RCW §7.170 and the Washington Administrative Code, WAC 246-453.

The plaintiffs originally filed this lawsuit in King County Superior Court, and it was removed to this court by the defendants on January 15, 2025. Dkt.#1. On March 26, 2025, the court entered an Order Setting Trial Date and Related Dates. Dkt.#18. A bench trial is set for February 26, 2026. *Id*. This motion to dismiss was filed by defendant VMFH on February 24, 2025, seeking an order of dismissal by application of the doctrine of res judicata. Dkt.#10.

## II.    DISCUSSION

### A.  STANDARD FOR MOTION TO DISMISS

Fed. R. Civ. P. 12(b) motions to dismiss may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990). Material allegations are taken as admitted and the complaint is construed in the plaintiff's favor. *Keniston v. Roberts*, 717 F.2d 1295 (9th Cir. 1983). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not

need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-55 (2007) (internal citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. at 555. The complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Id*. at 547.

        **B. Whether Plaintiff's Claims are Barred by Application of Res Judicata.**

Defendant VMFH argues that pursuant to the equitable doctrine of res judicata, the plaintiffs are precluded from relitigating any claims or counterclaims that they might have raised in the two original lawsuits seeking judgments for unpaid medical bills. VMFH contends that the claims that Ms. Nelson raises in the current litigation she could have, and should have, raised before the final judgments were entered in state court. VMFH argues that it can meet each one of the four elements that comprise the doctrine of res judicata, and show that plaintiffs' claims against VMFH should be dismissed.

Ms. Nelson contends that the subject matter of two actions is very different. In the state court actions, the issue was whether Ms. Nelson was required to pay a valid bill for medical services. In the instant complaint, the issues that pertain to VMFH is whether VMFH failed to offer charity care up to and through 2024 as required by state law, including Washington's CPA, and to evade its legal obligation by way of wage garnishments against Ms. Nelson's paychecks.

The court applies state law in situations where, as here, a party asserts res judicata based on a state judgment. *New York Life Ins. Co. v. Gunwall*, 675 F. Supp. 3d 1126, 1132 (W.D. Wash. 2023) (citations omitted). Under Washington's law applying the doctrine of res judicata or

claim preclusion, the party advocating the application must show that a prior judgment has a "concurrence of identity with a subsequent action." *Rains v. State*, 100 Wash.2d 660, 663, 674 P.2d 165 (1983).

> While identity of causes of action cannot be determined precisely by mechanistic application of a simple test, the following criteria have been considered: (1) [W]hether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts.

*Rains*, 100 Wash.2d at 663–64 (internal quotations and citations omitted). All four elements are not required for res judicata to apply. Id. at 664. Stated differently, res judicata applies "when a plaintiff's claim against a party has been dismissed by final judgment in one action and the plaintiff asserts the same claim against the same party in a subsequent action." *Shandola v. Henry*, 198 Wash. App. 889, 902, 396 P.3d 395 (2017). A final judgment is necessary before the doctrine would apply. *Eugster v. Washington State Bar Ass'n,* 198 Wash. App. 758, 787, 397 P.3d 131, 146 (2017) (citations omitted).

Here, at the outset, there is no dispute that the two state judgments in favor of VMFH are final. Considering the elements listed in *Rains* decision, the court concludes that the cases underlying the prior state court judgments, and the instant litigation are not identical.

1. Whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action.

VMFH argues that the current action will invalidate the judgments entered in the state court collection actions. The plaintiff responds that the state court judgments remain in place while Ms. Nelson challenges VMFH's collection of those judgments and its alleged failure to offer an alternative to collection, that is, charity care funds. The court agrees with the plaintiff on

1 this factor. There doesn't appear to be any effort by Ms. Nelson to invalidate the state court judgments.

     2. Whether substantially the same evidence is presented in the two actions.

This court agrees with Judge James Robart and his observation of the different type of evidence necessary for a debt collection case and a CPA case under Washington law in *Olson v. Armada Corp.*, No. C20-0429JLR, 2021 WL 4948189 (W.D. Wash. Oct. 22, 2021). A debt collection case requires evidence of a valid contract and breach of that contract. *Id.* A CPA case requires "evidence of the allegedly abusive collection practices, including evidence regarding the specific actions of the defendant, such as phone calls and letters, on certain dates and times." *Id.* (citation omitted).

Here, clearly the evidence of allegedly abusive collection efforts would not be presented or considered in state court to secure judgments for a contractual debt owing.

     3. Whether the two actions involve infringement of the same right.

As with the first element, the rights involved in the two actions are not the same. In the state court actions, the right involved pertained to VFMH's right to collect money for services rendered. Here, the right involves Ms. Nelson's right created by Washington law to have charity care offered to her by VFMH. These are clearly not the same rights.

     4. Whether the two suits arise out of the same transactional nucleus of facts.

VMFH argues that both actions, the state court actions and the instant one, involve the same transactional facts, that is, that Ms. Nelson incurred medical debt for services rendered by VMFH and her obligation to pay that debt. Plaintiff contends that her claims in this case involve the collection methods employed by DCI and alleged violation of the CPA by VMFH by its

noncompliance with charity care statutes and regulations. The court agrees with plaintiff that the state court actions and the case here involve different transactional facts.

For these reasons, the court finds that the factors required for the application of res judicata are not established and concludes that the motion to dismiss on that basis should be denied. Plaintiff's request for leave to amend their complaint is not addressed in this order.

## ORDER

Therefore, it is hereby **ORDERED** that Defendant Virginia Mason Franciscan Health Motion to Dismiss is DENIED.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 22nd day of July, 2025.

*/s/ Robert J. Bryan*
ROBERT J. BRYAN
United States District Judge

ORDER DENYING VIRGINIA MASON FRANCISCAN HEALTH'S MOTION TO DISMISS - 6